Filed 6/26/13  P. v. Scott CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057939 |
| v. | (Super.Ct.No. BAF1200118) |
| BILLE DON SCOTT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Affirmed.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Billie Don Scott appeals following a guilty plea, specifying that the appeal is taken solely from the denial of his motion to suppress evidence pursuant to Penal Code section 1538.5.  We will affirm the judgment.

1

## PROCEDURAL HISTORY

Defendant was charged with one count of possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) The information also alleged one prison prior (Pen. Code, § 667.5, subd. (b)) and one strike prior (Pen. Code, §§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).

After the court denied defendant's motion to suppress the methamphetamine found in his possession, defendant agreed to plead guilty and to admit the strike prior allegation in return for a sentence of 32 months, i.e., the low term of 16 months, doubled.

In open court, defendant admitted that he had possessed methamphetamine on the date alleged in the information, waived his constitutional trial rights, and entered a plea of guilty. The trial court found that defendant had knowingly, intelligently and voluntarily waived his rights and entered his guilty plea. The court also found a factual basis for the plea. The court imposed the agreed-upon sentence, awarded presentence credits and imposed various fees and fines.

Defendant filed a timely notice of appeal.

## FACTS

A Banning police officer effected a traffic stop on a car in which defendant was the passenger seated behind the driver. The officer directed defendant to place his hands on the headrest while he spoke to the driver. The officer saw defendant remove a cigarette package from his pocket and place it between the door handle and the door panel, and he appeared to be nervous. After speaking to defendant, the officer recognized him from prior encounters. He asked defendant if he was on probation or parole, and

2

defendant answered that he was on parole. The officer seized the cigarette package, which contained 0.06 grams of methamphetamine.

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. We offered defendant the opportunity to file any supplemental brief he deemed necessary, but he did not do so.

We have examined the entire record and have found no sentencing error, nor any other postplea error. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

In reaching this conclusion, we examined several matters mentioned by appointed counsel but not argued. We conclude that the record shows that defendant entered his guilty plea willingly, knowingly and intelligently, after proper advisement of the terms and consequences of the proposed plea, and that defendant admitted that there was an adequate factual basis for the plea. We note, however, that in the absence of a certificate of probable cause, any issues pertaining to the validity of the plea are not cognizable on appeal. (*People v. Panizzon* (1996) 13 Cal.4th 68, 76.)

We conclude as well that substantial evidence supports the trial court's factual findings with respect to the suppression motion, i.e., that defendant was properly detained pursuant to a valid traffic stop and that upon his admission to the police officer that he

3

was on parole, the officer was entitled to conduct a search of his person for contraband. Accordingly, the suppression motion was properly denied.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P.J.

We concur:

RICHLI
J.

KING
J.

4